O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA ROMERO, | ) Case No. EDCV 10-634 RNB |
| Plaintiff, | ) |
| vs. | ) ORDER REVERSING DECISION OF ) COMMISSIONER AND REMANDING ) FOR FURTHER ADMINISTRATIVE |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) PROCEEDINGS ) |
| Defendant. | ) ) |

Plaintiff filed a Complaint herein on May 7, 2010, seeking review of the Commissioner's denial of her applications for disability insurance and Supplemental Security Income benefits. In accordance with the previously-assigned Magistrate Judge's Case Management Order, the parties filed a Joint Stipulation ("Jt Stip") on December 22, 2010. Thus, this matter now is ready for decision.[1]

//
//
//

---

[1] The decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal and remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") properly considered the consultative examiner's findings.

2. Whether there is a DOT inconsistency in the ALJ's holding that plaintiff can perform the jobs of Cleaner, Housekeeper, Maid, Packager, and Table Worker.

3. Whether the ALJ properly considered plaintiff's residual functional capacity ("RFC").

4. Whether the ALJ posed a complete hypothetical question to the vocational expert.

**DISCUSSION**

Disputed Issue Nos. 1 and 3 both are directed to the ALJ's determination of plaintiff's RFC, and specifically whether the ALJ should have included in his RFC determination the occasional pushing and pulling limitation to which one of the consultative examiners (Dr. Khemlina) had opined. (See AR 625-26.) Disputed Issue Nos. 2 and 4 both are directed to the ALJ's vocational determination. As discussed hereafter, the Court is unable to affirm the ALJ's RFC determination because the Court concurs with plaintiff that the ALJ failed to properly consider Dr. Khemlina's opinion. Moreover, the Court is unable to find that the ALJ's error was harmless. As a result, there is no need for the Court to separately address Disputed Issue Nos. 2 and 4.

Although the ALJ referenced in his decision the internal medicine evaluation performed by Dr. Khemlina on September 26, 2009 (see AR 367-68), the ALJ failed to include in his RFC determination the occasional pushing and pulling limitation to which Dr. Khemlina had opined (see AR 366). The Commissioner therefore is unable

to dispute that the ALJ's RFC determination must be deemed an implicit rejection of Dr. Khemlina's opinion regarding the pushing and pulling limitation. As the Commissioner points out, that opinion did conflict with the opinion of another consultative examiner (Dr. Wilker), who concluded that plaintiff could perform medium work and did not impose any pushing and pulling limitation. (See AR 783.) However, the fact that Dr. Khemlina's opinion regarding the pushing and pulling limitation was contradicted by Dr. Wilker's opinion merely was determinative of the governing standard for rejecting Dr. Khemlina's opinion; it did not relieve the ALJ of the obligation to provide "specific and legitimate" reasons for doing so that were supported by substantial evidence in the record. See Regennitter v. Commissioner, 166 F.3d 1294, 1298-99 (9th Cir. 1999); Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995); see also Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). In failing even to address Dr. Khemlina's opinion regarding the pushing and pulling limitation, let alone explain why he was rejecting it, the ALJ also failed to comport with the dictates of Social Security Ruling 96-8.[2]

The Commissioner contends that, "even if the ALJ should have included a limitation to occasional pushing and pulling in his RFC finding, any error is harmless." (See Jt Stip at 9.) The Court disagrees. The vocational expert was not asked to render an opinion on a hypothetical that included a limitation to occasional pushing and pulling. (See AR 395-98.) Accordingly, the record before the Court is not sufficient for the Court to "confidently conclude that no reasonable ALJ, when fully crediting [Dr. Khemlina's opinion regarding the pushing and pulling limitation], could have reached a different disability determination." See Stout v. Commissioner, Social Sec. Admin., 454 F.3d 1050, 1056 (9th Cir. 2006).

//

---

[2] Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

**CONCLUSION AND ORDER**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Here, plaintiff's counsel at the administrative hearing could have asked the vocational expert whether a limitation to occasional pushing and pulling precluded all gainful employment, but failed to do so. (See AR 397-98.) Thus, it is at least conceivable to the Court that, even if in addition to the other functional limitations found by the ALJ, plaintiff were limited to occasional pushing and pulling, the Commissioner still might be able to satisfy his Step Five burden with vocational expert testimony that other types of work in the national economy exist that plaintiff remains capable of performing.

Accordingly, the Court has concluded that this is a case where additional administrative proceedings still could remedy the defect in the ALJ's decision.

//
//
//
//
//

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security, and remanding this matter for further administrative proceedings.[3]

DATED: January 3, 2011

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[3] It is not the Court's intent to limit the scope of the remand.